UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS WATSON and SHELDON WATSON,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECT PROPERTY & CASUALTY INSURANCE COMPANY, and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 2:25-cv-00430-DJC-AC<br><br>**ORDER** |

Plaintiffs Gladys Watson and Sheldon Watson, bring this action pursuant to the Federal Arbitration Act against Defendant Connect Property and Casualty Insurance Company.[1] Pending before the Court is a Plaintiffs' Motion to Compel Arbitration. (ECF No. 11.) For the reasons stated below, the Court denies Plaintiffs' Motion.

## BACKGROUND

On February 23, 2023, Plaintiff Gladys Watson was involved in an automobile collision with Casey Edenfield, a third party. (Compl. (ECF No. 1, Ex. A) ¶ 8; *see* Am.

---

[1] Defendant Connect was sued under the name "Connect Property and Casualty Company" but Defendant Connect represents that their proper name is "American Family Connect Property and Casualty Insurance Company." (ECF No. 13 at 1.) The Clerk of the Court is directed to update the docket to reflect that Defendant's proper name is "American Family Connect Property and Casualty Insurance Company."

1

Mot. to Compel Arbitration (ECF No. 11) at 6.)  While driving up a hill on Scotts Valley Road in Nevada City, Plaintiff Gladys Watson stopped her car on the side of the road due to icy conditions.  (Am. Mot. to Compel Arbitration at 6.)  While Plaintiff Gladys Watson was sitting in her vehicle, Mr. Edenfield drove up the same hill.  (*Id*.)  His vehicle then slid backwards, hitting Plaintiff's vehicle.  (*Id*.)  Plaintiff Gladys Watson got out of her vehicle to exchange insurance information with Mr. Edenfield and take photos of the damages.  (*Id*.)  While doing so, Plaintiff Gladys Watson allegedly fell on the ice, sustaining injuries.  (*Id*.)  Mr. Edenfield had a limited liability insurance policy that was fully paid out in the amount of $25,000 to Plaintiffs as compensation for the injuries and damages that Plaintiff Gladys Watson sustained in the accident.  (Compl. ¶ 6; *see* Am. Mot. to Compel Arbitration at 3.)

At the time of the accident, Plaintiffs carried $250,000 in underinsured motorist coverage by an automobile insurance policy issued by Defendant Connect.  (Compl. ¶ 6; *see* Am. Mot. to Compel Arbitration at 3.)  Plaintiffs made a claim to Defendant for underinsured motorist and medical payment coverage under Plaintiffs' insurance policy for the injury Plaintiff Gladys Watson sustained from falling on the ice, but Defendant refused to pay.  (Am. Mot. to Compel Arbitration at 3.)

Plaintiffs have brought this action for: (1) breach of contract; (2) breach of the Covenant of Good Faith and Fair Dealing; and (3) underinsured motorist bodily injury claim and loss of consortium.  (Compl. ¶¶ 11–28.)  Defendants removed the matter to federal court based on diversity jurisdiction on January 31, 2025.  (Removal Not. (ECF No. 1) at 2.)  Plaintiffs filed a Motion to Compel Arbitration on March 12, 2025.  (ECF No. 9.)  Plaintiffs amended their Motion to Compel Arbitration on the same day.  (Am. Mot. to Compel Arbitration (ECF No. 11).)  Defendants filed an Opposition and Plaintiffs have filed a Reply.  (Opp'n (ECF No. 13); Reply (ECF No. 14).)  Oral argument on the motion was held on June 12, 2025, after which the matter was submitted.  (ECF No. 19.)

*////*

2

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs arbitration agreements. 9 U.S.C. § 2. The FAA affords parties the right to obtain an order directing that arbitration proceed in the manner provided for in the agreement. *Id*. § 4. Under the FAA, federal courts must apply state-law principles that govern the formation of contracts when determining whether the specific dispute between the parties is one that they agreed to arbitrate. *Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1154 (9th Cir. 2025). To decide on a motion to compel arbitration, a court must determine: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1017 (9th Cir. 2016).

Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011) (citing *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67–69 (2010)). However, parties may use general contract defenses to invalidate an agreement to arbitrate. *See id*. at 339. Thus, a court should order arbitration of a dispute only where satisfied that neither the agreement's formation nor its enforceability or applicability to the dispute is at issue. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299–300 (2010). "Where a party contests either or both matters, 'the court' must resolve the disagreement." *Id.* at 299. If a valid arbitration agreement encompassing the dispute exists, arbitration is mandatory. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985). Under section 3 of the FAA, a court, "upon being satisfied that the issue involved . . . is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3.

## DISCUSSION

Both parties agree that a valid agreement to arbitrate certain issues exists. However, the parties disagree as to whether the agreement to arbitrate encompasses

3

the dispute at issue. It is Plaintiffs' view that when Plaintiff Gladys Watson was struck by Mr. Edenfield's vehicle, it was foreseeable that she would have to get out of the car to exchange information and slip on the icy roadway while doing so. (Am. Mot. to Compel Arbitration at 7.) Plaintiffs further contend that Defendant Connect's assertion that Plaintiff Gladys Watson's injuries were not caused by the motor vehicle accident is an issue that must be arbitrated pursuant to the Arbitration Policy. Plaintiffs point to the Arbitration Policy for the uninsured motorist coverage in Plaintiffs' insurance policy, which states: "[i]f we and an insured do not agree: [a] Whether that person is legally entitled to recover damages from the owner or operator of the uninsured motor vehicle under the coverage; or [b] As to the amount of damages; then the matter shall be settled by arbitration. (Pls.' Policy (ECF 11, Ex. A.) at 18.)[2] Plaintiffs argue the Court should compel arbitration under this provision because "the parties disagree over whether the Plaintiffs are legally entitled to recover from the owner or operator of the underinsured motor vehicle." (Am. Mot. to Compel Arbitration at 5.)

In opposition, Defendant Connect contends that the dispute as to whether Plaintiff Gladys Watson's injuries arose out of the underinsured vehicle is a coverage issue, and thus is not subject to arbitration. (Opp'n at 7.) Defendant Connect notes that while the Arbitration Policy requires arbitration of Plaintiff's legal entitlement to damages from an uninsured driver and the amount of damages, it also provides that "[d]isputes concerning coverage under this part may not be arbitrated." (Pls.' Policy at 16.) Plaintiffs' insurance policy only provides uninsured motorist coverage if "the underinsured driver's alleged liability to the insured arises from the ownership, maintenance or use of the underinsured vehicle." (Opp'n at 2; Pls.' Policy at 16 ("The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.").) Defendant Connect asserts that Plaintiffs' uninsured motorist claim was denied because Plaintiff Gladys Watson's

---

[2] Given the fact that this exhibit contains multiple documents, the Court instead cites the Bates stamped page numbers as opposed to internal pagination.

injury – and thus Mr. Edenfield's liability for that injury – did not arise from the ownership, maintenance, or use of the uninsured motor vehicle. (Opp'n at 8.) Thus, Defendant Connect argues that Plaintiffs' present claims are not yet arbitrable as there is still a dispute as to whether Plaintiff's claims even fall within the uninsured motorist coverage and this question is not subject to arbitration under the Arbitration Policy. (*Id.*)

California law requires that an insurer provide uninsured motorist coverage in each bodily injury liability insurance policy it issues which covers liability arising out of the ownership, maintenance, or use of a motor vehicle. Cal. Ins. Code § 11580.2(a)(1). Consistent with this statute, Plaintiffs' insurance policy provides underinsured motorist coverage if "[t]he owner's or operator's liability for these damages … arise[s] out of the ownership, maintenance or use of the uninsured motor vehicle." (Pls.' Policy at 16;) *see* section 11580.2(a), (b). Plaintiffs' uninsured motorist coverage also mirrors California law regarding what issues are arbitrable. Like the Plaintiff's insurance policy, California law requires that arbitration of uninsured motorist coverage is limited to two issues: (1) Whether the insured shall be legally entitled to recover damages from the uninsured or underinsured driver; and (2) If so, what amount. Cal. Ins. Code § 11580.2(f); (Pls.' Policy at 18.) On the other hand, "coverage questions" fall outside of the two arbitrable issues and are explicitly not subject to arbitration. (Pls.' Policy at 18 ("Disputes concerning coverage under this part may not be arbitrated.");) *see Bouton v. USAA Cas. Ins.*, 43 Cal. 4th 1190, 1201 (2008). "Questions of coverage . . . must be resolved before an arbitrator reaches the two arbitrable questions pursuant to section 11580.2, subdivision (f)." *Bouton*, 43 Cal. 4th at 1201. California courts have found the issue of whether liability arises out of ownership, maintenance, or use of an uninsured vehicle is a coverage issue. *See Cal. Auto. Ins. v. Hogan*, 112 Cal. App. 4th 1292 (2003).

Defendant Connect denied Plaintiffs' underinsured motorist claim on the grounds that Plaintiff Gladys Watson's claimed injuries did not arise out of Mr.

Edenfield's ownership, maintenance, or use of his vehicle. (Opp'n at 8.) Whether or not the liability arose from ownership, maintenance, or use is a coverage issue. *See Hogan*, 112 Cal. App. 4th 1292. As such, this question lies outside the scope of what issues can be arbitrated under the Policy, (Pls.' Policy at 18), and the Arbitration Policy thus does not encompass this issue. Thus, Plaintiffs' claim is not yet subject to arbitration under the Policy.

Plaintiffs argue that the Supreme Court of California in *State Farm Mutual Automobile Ins. v. Partridge* ruled that the phrase "arising out of the use," when used in a coverage or insuring clause of an insurance policy, has "broad and comprehensive application[.]" 10 Cal. 3d 94, 100 (1973); (*see also* Reply at 4.) However, this does not alter that Defendant's initial denial of coverage on the grounds that Plaintiff Gladys Watson's injury was not the result of ownership, maintenance, or use is a coverage issue and thus not subject to arbitration.

The Court takes no position in this Order as to whether Plaintiff Gladys Watson's injury resulted from Mr. Edenfield's ownership, maintenance, or use of his vehicle. This Order also does not determine whether arbitration may be appropriate at a later stage. If Plaintiffs succeed in establishing that they were entitled to coverage and there remained a dispute between the parties as to whether Plaintiffs were legally entitled to recover damages from Mr. Edenfield or the amount of those damages, those disputes would be subject to arbitration under the Policy. However, at this stage, the question that must first be answered is whether Plaintiffs were entitled to coverage under their policy's uninsured motorist coverage. This question is not encompassed by the arbitration agreement.

////
////
////
////
////

**CONCLUSION**

For the reasons stated above, Plaintiff's Amended Motion to Compel Arbitration (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated:  **July 7, 2025**

/s/ Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE